UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ORTHOTEC, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>HOLMED CORPORATION,<br><br>    Defendant. | Civil Action No. _____<br>**04 MBD 10347**<br><br>AFFIDAVIT OF ATTORNEY<br>CHRISTINE P. DESHLER FILED<br>IN SUPPORT OF ORTHOTEC, LLC'S<br>MOTION TO COMPEL COMPLIANCE WITH<br>SUBPOENA DUCES TECUM AND MOTION FOR<br>SANCTIONS IN THE FORM OF AN AWARD<br>OF ATTORNEYS' FEES AND COSTS |

I, Christine P. Deshler, Esq., do hereby depose and state the following:

1. I am the attorney of record for the plaintiff OrthoTec, LLC.

2. I was admitted to the bar of the Commonwealth of Massachusetts in December, 1986 and to the bar of the U.S. District Court for the District of Massachusetts in April, 1987. I have also been admitted to the U.S. Court of Appeals for the First Circuit and the U.S. Supreme Court. I am, and at all times have been, a member in good standing in each of the aforementioned state and federal courts.

3. The plaintiff OrthoTec, LLC ("OrthoTec") brings this action to enforce a subpoena duces tecum issued by this Court and served on the defendant Holmed Corporation, a Massachusetts corporation. The subpoena was issued in connection with a

1

lawsuit currently pending in the U.S. District Court for the Central District of California. The defendant Holmed Corporation has refused to produce the documents requested by the subpoena.

4. I have thus far spent a total of 5.7 hours performing work on OrthoTec's behalf in an effort to obtain Holmed Corporation's compliance with the subpoena duces tecum served upon it. This includes time spent engaging in the requisite "meet and confer conference" with Holmed Corporation's legal counsel on September 28, 2004; time spent drafting, revising and finalizing the pleadings and papers required to be filed in this action; and time spent commencing the action and obtaining a hearing date on OrthoTec's motion.

5. This time does not include the work I have performed reviewing the underlying documents and pleadings filed in connection with the California federal court action and a related California state court action; nor does it include time I have spent reviewing the correspondence that has been exchanged between Holmed Corporation's legal counsel and OrthoTec's California legal counsel, Michael Perry; nor does it include time I have spent in reviewing applicable case law; nor does it include time I spent conferring with my co-counsel, Attorney Perry

6. In addition to the time I have already spent on this matter, I will also have to prepare for and actually argue

OrthoTec's motion in court which I anticipate will require at least 4 more hours of work.

7. My customary billing rate is $350 per hour. Accordingly, OrthoTec already has been forced to incur $1,995 in legal fees for my time and will likely incur at least $1,400 more in legal fees.

8. These amounts do not include any costs or expenses that OrthoTec has already incurred such as copying, postage and telephone charges. Nor does this amount include the filing fee for this action or expenses associated with service of the motion on Holmed Corporation.

Signed under the pains and penalties of perjury this __1__ day of December, 2004

_____
Christine P. Deshler