IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ORTHOTEC, LLC, | ) |
| Plaintiff, | ) Civil Action No. |
| v. | ) 04-mc-10347-RCL |
| HOLMED CORPORATION, | ) |
| Defendant. | ) |

### OPPOSITION OF HOLMED CORPORATION
### TO MOTION TO COMPEL

Defendant Holmed Corporation ("Holmed") opposes the motion of Plaintiff Orthotec LLC ("Orthotec") to compel and for sanctions served Dec. 2, 2004. Orthotec's cited cases all imposed a protective order, and Holmed acted properly in requesting Orthotec to agree to and enter in the forum court just such a protective order protecting confidential information of Holmed and its customers in this highly charged California litigation. As grounds, Holmed relies on the Affidavits of Russell Holmes and Michael R. Newman filed herewith and says:

1. **Orthotec's Rule 7.1 Certification is incomplete.** Holmed adds that when it first requested a protective order Orthotec agreed to consider it but later refused. "If you want to prepare [a confidentiality order] for my review, . . . I will consider it." (Michael J. Perry e-mail 9/10/04, Orthotec Memorandum in Support ("Mem.") Exh. 6. "You will need to draft, submit and obtain [a confidentiality order] in your California court . . . ; otherwise it will not protect Holmed." (Hamilton letter Sept. 17, 2004, *id.*) *But see* subsequent Perry letters refusing to consider a confidentiality order, e.g., Perry letter Sept. 28, 2004 at 1, *id.*) Orthotec's categorical statement at page 2 of its Memorandum in Support that Holmed has refused to comply with the

subpoena does not take into account Holmed's offer of substantial production upon the entry of a confidentiality order protecting its and its customers' information.

2.  **The underlying California litigation is currently under consideration for a stay and the state court judgment Orthotec relies is on appeal.** Orthotec's Mem at 2-6 essentially repeats the allegations made to the District Court in Los Angeles in Orthotec's unverified First Amended Complaint as if they were facts, and provides a copy of a California state court judgment dated August 27, 2004. Orthotec fails to disclose, however, that the District Court is considering staying the federal proceeding and that the state court judgment has been appealed. Newman Aff. ¶¶ 2-5.[1] Both of these circumstances implicate the provisions of Fed. R. Civ. P. 45(B) and permit the Court to stay the enforcement of this subpoena until at least the decision of District Judge Rea as to whether to stay the action.

Orthotec's description of the dispute and conference, Mem. 7-8, again repeats California allegations as if they were facts.[2] Orthotec's narrative, however, confirms that the California federal action is dependent on the state court judgment conferring ownership on Orthotec, and explains why Judge Rea is considering staying it. *See* Newman Aff. ¶¶ 2, 5. Moreover, Orthotec does not assert, much less demonstrate, any harm to it from abiding by Judge Rea's schedule.

3.  **Holmed's request for a confidentiality order is reasonable.** When it gets to the heart of the matter, Orthotec, by its heading (Mem. 15) "Holmed Failed To Show That It Is

---

[1] Orthotec threatened Holmed on September 28, 2004 to file a motion to compel. It made no filing or other communication with Holmed, however, until this filing on Dec. 1, 2004, <u>after</u> the California hearing where Judge Rea ordered briefing on the issue of a stay. Newman Aff. ¶ 2.

[2] Orthotec's gratuitous references to punitive damages under some counts of its complaint against Eurosurgical (Mem. 12-13), and its assertion that Holmed's documents are highly relevant (Mem. 11-15), serve to underscore the gravity of the risk it is demanding that Holmed take, and support the necessity for a confidentiality order in such allegedly high-stakes, invective-laden litigation.

Entitled To Any Protective Order" demonstrates its disregard of Fed. R. Civ. P. 45, which places the burden of reasonable accommodation of a third-party witness squarely on the requester. This Court must infer, from Orthotec's own documentation attached to the Perry Affidavit, that spinal surgical instruments are a highly competitive market with aggressive companies seeking small advantages in an effort to damage or destroy each others' market share, whether by vituperative pleadings in litigation or high-pressure sales tactics.

Holmed occupies the position of supplier to these competitors, and the marketplace requires confidentiality of it. Holmes Aff. ¶¶ 2-3. Holmed has a written confidentiality agreement with Eurosurgical. _Id._ ¶ 4. It is not fair or reasonable to force Holmed to comply with the demands of one rival that it reveal the confidential information of another, without the "reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena" which "an attorney responsible for the issuance and service of a subpoena" is _required to_ ("shall") take. Fed. R. Civ. P. 45(c)(1). Orthotec seeks to force Holmed to risk breaching its contract with a customer and irreparably harming its reputation in the marketplace for upholding promises of confidentiality, while Orthotec has refused without justification the most ordinary, rudimentary, not to mention "reasonable," steps to avoid this burden, i.e. the entry of a confidentiality order enforceable by a court.

Holmed has asked for a confidentiality order to be entered in the California District Court, the proper forum on which it can rely for enforcement of the order either for or against the interests of both Orthotec and Eurosurgical, without exposing Holmed's interests to calumny or suit. Holmed can rely on the California District Court to hear and determine the motion of any party to that action to declare Holmed's documents removed from the protective order, based on the needs of that court. Surely Judge Rea is in the best position to determine the need for a stay,

or the effect of a state court judgment on discovery in his case, or what should be covered by a confidentiality order, than anyone else, including Orthotec, which has come to Massachusetts seeking an end run around the proceedings in California.

4.  **Orthotec's authorities confirm the necessity of a protective order.** Holmed requests this Court to take judicial notice that confidentiality orders are common in commercial litigation involving intellectual property and technology, a proposition which Orthotec does not here deny. They are reasonable actions, explicitly endorsed by Fed. R. Civ. P. 45 itself, 45(c)(3)(B). They typically protect the requester's rights completely, authorizing an approach to the requester's home forum court for relief.

Authorities confirm this view. Orthotec cites only five cases as authority. Mem. 16-17. Not surprisingly, given the prevalence of confidentiality orders, each case supports Holmed's position rather than Orthotec's. The most compelling is *Centurion Indust., Inc. v. Warren Steurer and Assocs.*, 665 F.2d 323 (10th Cir. 1981). There, the court upheld enforcement of a subpoena for the disclosure of a third party's documents, but specifically noted that the <u>confidentiality of these documents would be protected</u> because a substantial confidentiality order had been entered by a Magistrate Judge to protect the third party:

> The district court upheld the magistrate's order, which provides that:
> [among various provisions]
> . . . .
> The information obtained shall be treated as <u>confidential</u> by counsel for plaintiffs and used only for purposes of litigation in the [present case].
> . . . .
> Disclosure of the information obtained <u>shall be limited to</u> United States Federal Courts, <u>plaintiffs' counsel</u>, and, [*sic*] plaintiffs' experts employed to testify in the action . . . .

665 F.2d at 326 & n.7 (emphasis added). In other words, Orthotec's proposed authority expressly supports the prior institution of a protective order with nearly <u>precisely the same</u>

terms Holmed requested of Mr. Perry during the L.R. 37.1 discussions. It is disingenuous of Orthotec to offer this citation to the Court in support of its argument that no protection is necessary.

To largely the same effect are the other four cases Orthotec cites. *See* (emphasis added to each) *Pearson v. Miller*, 311 F.3d 57, 74 (3d Cir. 2000) (discovery dispute between parties, not third-party witnesses; remanded stating "the District Court should entertain requests for protective orders . . . and impose such restrictions upon discovery as it deems appropriate"); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003) (remand of dispute between parties; "[a]ny trade secrets, financial information, and third-party medical or personnel information can be protected by placing the [requesting parties] under the same use and disclosure restrictions as the original protective order"); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 791-792 (3d Cir. 1994) (remand to determine whether existing protective order protecting party's information should be modified if information available under Freedom Of Information Act); *In re Agent Orange Prod. Liab. Lit.*, 104 F.R.D. 559, 574 (E.D.N.Y. 1985) (original protective order lifted, primarily for public interest reasons, while permitting defendants to seek additional orders protecting specific information); *see also id.* at 562 (lifting of order stayed pending disposition of appending appeal).

All of the foregoing cases, moreover, with the exception of *Centurion Indust.*, involved the information of parties, not third parties under Fed. R. Civ. P. 45. In every case, an existing protective order had been entered to protect confidential information. That is what Holmed seeks here. Orthotec has made no claim, much less a showing, that it will be harmed by doing what every litigant in these cases did: seeking and obtaining a protective order in the forum court.

5.     **Holmed should not be made to pay counsel fees but Orthotec should.**

Holmed has shown good grounds in its normal business practices, the Eurosurgical Manufacturing Agreement, its need to protect its reputation with customers (Holmes Aff. ¶¶ 2-5), and substantial case authority for requesting that Orthotec take the reasonable steps required by Fed. R. Civ. P. 45(c)(1). Holmed also respectfully suggests that this Court should take notice that Orthotec's cited authorities contradicted its position, and that its choice to sue Holmed in this Court was not substantially justified pursuant to Fed. R. Civ. P. 37(a)(4)(B). The Court should award Holmed its reasonable attorney's fees and expenses in preparing and filing this opposition.

**WHEREFORE,**

1. The Court should deny Orthotec's motion compel and for sanctions.

2. The Court should award Holmed its reasonable attorney's fees and expenses in preparing and filing this opposition.

Dated: December 16, 2004

HOLMED CORPORATION
By Its Attorneys,

_____
James A. G. Hamilton (MA Bar # 218760)
PERKINS, SMITH & COHEN, LLP
One Beacon Street
Boston, MA  02108
617.854.4000

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail - hand on 12/16/04.

OppMotCompel-28738-1