IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ORTHOTEC, LLC, | ) |
| Plaintiff, | ) Civil Action No. |
| v. | ) 04-mc-10347-RCL |
| HOLMED CORPORATION, | ) |
| Defendant. | ) |

**AFFIDAVIT OF RUSSELL P. HOLMES IN OPPOSITION TO MOTION TO COMPEL**

I, Russell P. Holmes, depose and say:

1.  I am President of the Defendant Holmed Corporation. I founded Holmed in 1979, and it presently has approximately sixty employees, working at its only place of business in Easton, Massachusetts.

2.  Holmed is engaged in the business of the engineering, design, fabrication and production of precision surgical instruments. A substantial portion of Holmed's business is the fulfilling of purchase orders received from other manufacturers and sellers of such instruments, who compete with each other. These purchase orders are often accompanied by designs proprietary to Holmed's customer. Documents and communications concerning pricing information, proprietary designs, and negotiations with the customer contain highly confidential commercial information to both Holmed and the customer.

3.  Because of the highly confidential nature of this information, it is almost universally the case that the customer seeks, and Holmed grants, a confidentiality agreement. Holmed cannot successfully do business unless it can promise confidentiality to its customers and keep its promise.

4. In the present case, I am informed and believe that Orthotec has sued my customers REO Spineline, Inc. ("REO") and Eurosurgical, S.A. ("Eurosurgical"). I am informed and believe that Orthotec is in the same line of business as my customers. Holmed is party to a manufacturing agreement with Eurosurgical that states "Holmed shall respect the confidential character of the Confidential Information, and ensure that the Confidential Information to any third party unless requested by law or such information becomes part of the public domain without any breach by Holmed." "Confidential Information" is defined in the Manufacturing Agreement as "all technical, scientific and commercial information concerning notably finances, production, processes, manufacturing procedures, marketing, pricing, employees, correspondence, contract, customer lists, and know-how regarding the Product and the Improvements and any other information whether written or oral that Eurosurgical owns, or that it wishes to keep confidential."

5. I have reviewed the documents in Holmed's possession consisting of correspondence, shipping documents, invoices, payment records, and purchase orders between REO and Holmed and between Eurosurgical and Holmed since January 1, 2002 concerning spinal implant, spinal devices, spinal instruments, and spinal product plans ("Documents"). These documents contain Confidential Information as defined in the Manufacturing Agreement.

6. In light of the confidentiality provisions of the Manufacturing Agreement, and the competitive relationship between Orthotec, REO and Eurosurgical, delivering the Documents to Orthotec without confidentiality restrictions would be an undue burden on Holmed.

I declare under penalty of perjury that the foregoing statements are true and correct to my personal knowledge, this 16th day of December, 2004.

Russell P. Holmes

AffHolmes-28738-1

- 2 -